IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ADYSON CONLEY,            )
                          )
        Plaintiff,        )
                          )
vs.                       )   Case No. 11-3287-CV-S-ODS
                          )
STRYKER CORPORATION and   )
STRYKER SALES CORPORATION,)
                          )
        Defendants.       )

## ORDER (1) DENYING MOTION TO CONSOLIDATE (DOC. 20), AND (2) DENYING MOTION TO FILE SURREPLY (DOC. 26)

Plaintiff moves the Court to consolidate her case with another case pending before the undersigned. Defendants move the Court to grant them leave to file a surreply to Plaintiff's motion. Both motions are denied.

## I. BACKGROUND

Plaintiff alleges one of Defendants' medical devices – a "pain pump" – was used by her surgeon to manage post-operative knee pain and caused her to suffer chondrolysis.[1] Her case was assigned to Magistrate Judge Sarah Hays, but shortly after she (and Defendants) consented to Judge Hays presiding over the case, she moved to consolidate her suit with *Stewart v. Striker Corporation*, No. 11-0376-CV-W-ODS. *Stewart* is pending with the undersigned, to which Plaintiff's case was transferred after her motion was filed.

---

[1] Chondrolysis is the "[d]isappearance of articular cartilage as the result of disintegration or dissolution of the cartilage matrix and cells." *Stedman's Medical Dictionary*, p. 369 (28th ed. 2006).

## II. DISCUSSION

Consolidation of separate actions is permissible under Fed. R. Civ. P. 42(a) if the actions "involve a common question of law or fact." This standard is met here because both actions involve the common question whether the use of Defendants' pain pumps after knee surgery to continuously infuse a local anesthetic intra-articularly (within the joint) can cause chondrolysis.

"Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (citation omitted). Consolidation would be inefficient and inconvenient because Plaintiff's case and *Stewart* are at widely varying procedural stages. A scheduling order has been entered in *Stewart*, setting a discovery deadline of September 13, 2012, and a jury trial for February 4, 2013. In Plaintiff's case, the parties' proposed scheduling order has not even been filed yet. Thus, consolidation is not appropriate.

Plaintiff cites pain pump cases where consolidation was ordered, but not one of the decisions Plaintiff cites discussed cases that were at such different procedural stages as hers and *Stewart*. *See, e.g.*, *Suhn v. Breg, Inc.*, No. CIV. 08–4190–KES, 2011 WL 1527263, at *2 (D. S.D. April 20, 2011) (noting "both cases have completed discovery and are ready for trial" (citation omitted)); *Hamilton v. Breg, Inc.*, No. 2:09-CV-146, 2011 WL 221919, at *1 (S.D. Ohio January 24, 2011) (noting discovery had been completed and court had ruled on dispositive and *Daubert* motions). In fact, *Suhn* cited *Fin–Ag, Inc. v. NAU Country Ins. Co.*, 2009 WL 44479, at *3 (D. S.D. Jan. 6, 2009), which determined consolidation to be inappropriate where "the cases [were] at much different stages of preparation and litigation."

Not consolidating these cases also avoids the risk of unfair prejudice to Defendants that could result from a joint trial. The Court acknowledges that, in certain circumstances, this risk of prejudice may be outweighed by the conservation of time, money, and judicial resources that a joint trial permits. But that is not the case here.

Plaintiff argues the only unfair prejudice that would result is if consolidation is *not* granted because the parties will incur increased costs and there will be a risk of

2

inconsistent outcomes. But the Court does not perceive how keeping the cases separate – as they were filed by the plaintiffs– *increases* the plaintiffs' costs or is unfair to them. Her argument is rejected.

### III. CONCLUSION

Plaintiff's motion to consolidate is denied. Also, the Court denies Defendants' motion to file a sur-reply because a sur-reply is unnecessary for the Court to make its decision.

IT IS SO ORDERED.

|  |  |
|---|---|
| DATE: December 28, 2011 | /s/ Ortrie D. Smith<br>ORTRIE D. SMITH, SENIOR JUDGE<br>UNITED STATES DISTRICT COURT |